MONACO, J.
The appellant, Elliott Pietri, appeals the judgment and sentence imposed by the trial court as a result of his conviction of burglary. He asserts that the trial court erred in refusing his request to present the testimony of a person offered as an expert on eyewitness identification, and in allowing the prosecution to present the testimony of a police officer concerning the description that the child-victim gave to the officer of the man who broke into her house. We affirm.
The trial court did not abuse its discretion in excluding the evidence offered by the eyewitness identification expert. The expert proposed to testify that he believed that many factors influenced the ability of the child-victim to make an accurate identification, including her age, the lighting, the passage of time, and the character of a photo lineup. The trial court concluded that the testimony would not aid the trier of fact, and amounted to little more than an application of common sense. More specifically the trial court found:
He didn’t say anything that would ... aid anybody. He said what we all know; the more you know a person, the better chance you have of identifying them accurately ... The rest of it was, you know, lighting, that type of stuff, kids may not make a good — and that’s something that everybody in the world knows about this.
Applying the law established by our Supreme Court in Johnson v. State, 438 So.2d 774 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984), and confirmed in McMullen v. State, 714 So.2d 368 (Fla.1998), and Simmons v. State, 934 So.2d 1100, 2006 WL 1299617 (Fla. May 11, 2006), we find no *86 error. As in those cases, the facts to be established by the expert in the present case amounted to testimony concerning the general problems associated with witness identification, and common factors that could lead to a false identification. In the context of the present case, these matters did not require special knowledge, and the testimony was properly excluded.[1]
We conclude, as well, that the testimony of the police officer concerning the description given by the child-victim was properly admitted under the facts of this case as impeachment. See § 90.608, Fla. Stat. (2005). To the extent that the testimony was used substantively, we conclude that the error was harmless beyond a reasonable doubt. See Puryear v. State, 810 So.2d 901 (Fla.2002). Accordingly, we affirm.
AFFIRMED.
THOMPSON and EVANDER, JJ., concur.

. The expert in McMullen and Simmons is the same person whose testimony was proffered by the appellant in the present case.